UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES ALPINE, | ) |
|       Petitioner, | ) |
| v. | )    1:19-cv-00174-NT |
| JIMMY SMITH, | ) |
|       Warden | ) |

## RECOMMENDED DECISION ON PETITIONER'S FILING

Petitioner Charles Alpine,[1] who alleges that he is currently incarcerated at a state correctional facility in Texas, has filed a petition under 28 U.S.C. § 2241, requesting a writ of habeas corpus. (Petition, ECF No. 1.)[2] Petitioner also references 42 U.S.C. § 1983 and alleges that certain conditions of his confinement and the prison's response to his grievances constitute constitutional violations.

Construing Petitioner's filing to request that the Court address Petitioner's confinement in Texas, I recommend the Court dismiss the petition for habeas relief for lack of jurisdiction. I also recommend the Court dismiss Petitioner's request for relief under 42

---

[1]Petitioner spelled his last name as "Al-Pine" on the petition. (Petition, ECF No. 1 at 1.) *See Al-Pine v. Richerson*, No. 18-2142, --- F. App'x ---, 2019 WL 610597 (10th Cir. 2019). In 2012, the United States District Court for the Northern District of Texas noted that "Charles Alpine hyphenates his last name in his pleadings ('Al-Pine'). The [Texas Department of Criminal Justice] website indicates that his last name is not hyphenated." (*Alpine v. Thaler*, No. 7:12-cv-106-O, Report and Recommended Decision at 2 n.1 (N.D. Tex. Aug. 3, 2012) (ECF No. 12); Order Accepting Findings and Recommendation (N.D. Tex. Aug. 28, 2012) (ECF No. 13).)

[2]Title 28 U.S.C. § 2241(a) states in pertinent part: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

U.S.C. § 1983 as Petitioner has failed to allege any facts that would suggest the District of Maine is the proper venue for any such claim.

## DISCUSSION

### A. Request for Habeas Relief

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. §2241(a)). "We have interpreted this language to require 'nothing more than the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

Petitioner has attempted to obtain relief in other districts in which he was not confined. In *Al-Pine v. Richerson*, No. 18-2142, --- F. App'x ---, 2019 WL 610597, at *2 (10th Cir. 2019), the Tenth Circuit noted that although Petitioner was confined in Texas, he filed the section 2241 petition at issue in the United States District Court for the District of New Mexico. The Court concluded that under *Padilla*, the district court in New Mexico lacked jurisdiction to grant Petitioner's section 2241 petition. *Al-Pine*, 2019 WL 610597, at *2 (discussing *Padilla*, 542 U.S. at 443, 447). Based on the same reasoning, this Court recently dismissed a prior request for habeas relief filed by Petitioner. *Alpine v. Smith*, No.

2

2:19-cv-00068-LEW (Order Affirming Recommended Decision (D. Me. April 9, 2019) (ECF No. 4.)) Likewise, in this case, given that Petitioner is not confined in Maine, this Court lacks jurisdiction to consider the merits of Petitioner's section 2241 petition. *See id.*

Pursuant to 28 U.S.C. § 1631, this Court must determine whether to dismiss Petitioner's section 2241 petition or transfer it to the district in which Petitioner is confined.[3] In *Al-Pine*, the Tenth Circuit remanded Petitioner's case for the district court to determine whether to transfer or dismiss it. 2019 WL 610597, at *2.

A review of the PACER docket reveals that Petitioner has filed numerous cases in other districts, which cases include prior requests for habeas relief. In 2012, Petitioner requested habeas relief under 28 U.S.C. § 2254 in the United States District Court for the District of Columbia; the section 2254 petition was transferred to the Northern District of Texas, which concluded the petition was a second or successive such petition, pursuant to 28 U.S.C. § 2244. (*Alpine v. Thaler*, No. 7:12-cv-106-O, Report and Recommended Decision (N.D. Tex. Aug. 3, 2012) (attaching, as Exhibit A, *Alpine v. State*, No. 01-07-00177-CR, 2008 WL 2388128 (Tx. Ct. App. June 12, 2008)) (ECF No. 12); Order Accepting Findings and Recommendation (N.D. Tex. Aug. 28, 2012) (ECF No. 13).) The Northern District of Texas noted Petitioner had twice been sanctioned

---

[3]Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

3

by the Fifth Circuit for repetitive and abusive pleadings. (Report and Recommended Decision at 2 (citing Fifth Circuit docket numbers 11-20865 and 12-20005, in each of which cases the Fifth Circuit imposed a monetary sanction that must be paid before an application to file a successive section 2254 motion could be filed, unless Petitioner obtained leave from a judge).)

More recently, in August 2018, the Fifth Circuit again addressed the sanctions issue. In Fifth Circuit docket number 18-11086, in which Petitioner sought to appeal in a 42 U.S.C. § 1983 case that had been transferred from another district to the Northern District of Texas, the Fifth Circuit informed Petitioner he had not paid the sanctions imposed in the two cases identified above (Fifth Circuit docket numbers 11-20865 and 12-20005), or the sanctions since imposed in Fifth Circuit docket numbers 12-20114 and 12-20675. (*Alpine v. Richerson*, No. 18-11086, Letter dated August 22, 2018, from Fifth Circuit Office of the Clerk to Petitioner.) In Fifth Circuit docket number 12-20114, Petitioner filed a motion to proceed with a successive section 2254 petition after having been sanctioned; the Court concluded the motion was without merit and frivolous, and it imposed an additional monetary sanction. (*In re Charles Al-Pine*, No. 12-20114, Order (5th Cir. Oct. 29, 2012).) In Fifth Circuit docket number 12-20675, Petitioner requested a certificate of appealability following the district court's conclusion Petitioner had attempted to circumvent the three strikes provision applicable to section 1983 cases when he filed a section 2254 petition; the Fifth Circuit denied a certificate of appealability and imposed a monetary sanction. (*Alpine v. Thaler*, No. 12-20675, Order (5th Cir. June 5, 2013).)

4

Given the history of Petitioner's filings outlined above, the interests of justice do not warrant the transfer of the petition pursuant to 28 U.S.C. § 1631. Dismissal of Petitioner's request for habeas relief, therefore, is appropriate.

**B. Request for Relief Under 42 U.S.C. § 1983**

To the extent Petitioner seeks to assert a claim under 42 U.S.C. § 1983, Petitioner's claim is subject to preliminary review under 28 U.S.C. § 1915A. Section 1915A provides that when a prisoner seeks relief from a governmental entity, the court must review the filing to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). Furthermore, 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because 42 U.S.C. § 1983 contains no venue provision, the appropriate venue is determined by reference to 28 U.S.C. § 1391(b), which states:

> A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Parker v. Barbie*, No. 14-800, 2014 WL 1820049, at *1, 2014 U.S. Dist. Lexis 62431 (E.D. La. May 6, 2014).

A review of Petitioner's filing reveals that Petitioner has not alleged that any of the parties or the circumstances giving rise to his claim have any connection to Maine. In fact, to the extent Petitioner seeks to assert a § 1983 claim, Petitioner's claim appears to be based on the conditions of his confinement in a state court in Texas. "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished). As discussed above in the context of Petitioner's request for habeas relief, the interests of justice favor dismissal rather than transfer of the case to another district.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the petition for habeas relief. (ECF No. 1). I further recommend that the Court deny a certificate of appealability because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).[4] To the extent Petitioner seeks to assert a claim under 42 U.S.C. § 1983, I recommend the Court dismiss the matter.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[4] *See* Rules Governing Section 2254 Cases, Rule 1(b) (permitting the district court to apply section 2254 rules to a habeas corpus petition not filed under section 2254), Rule 11 (governing certificate of appealability).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                            /s/ John C. Nivison
                                            U.S. Magistrate Judge

Dated this 25th day of April, 2019.